# A



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

C OCT 13 FM 3:01

Case No. 03-20078 CIV ALTONAGA / BANDSTRA

ALPHAMED PHARMACEUTICALS CORP.,

     Plaintiff,

vs.

ARRIVA PHARMACEUTICALS, INC.,
f/k/a ALPHAONE PHARMACEUTICALS,
INC., et al.,

     Defendants.

_____/

## NOTICE OF TAKING VIDEOTAPED DEPOSITION

     **PLEASE TAKE NOTICE** that the undersigned attorneys will take the following

deposition:

| NAME: | DATE AND TIME: | LOCATION: |
|---|---|---|
| NOREEN LEZDEY | Monday, November 08, 2004 at 9:00 a.m. | Ramada Regency 1127 Route 132 Hyannis, MASS |
| JOHN LEZDEY | Tuesday, November 09, 2004 at 9:00 a.m. | |

upon oral examination before Esquire Reporting Service, or other notary public or person

authorized by law to take depositions in the State of Massachusetts. Budd Legal Video, Inc., is

the contracted video recording service. The oral examination will continue from day to day until

completed. The deposition is being taken for the purpose of discovery, for use at trial, or is

being taken for such other purposes as are permitted under the Rules of Court.

{M2165007;1}

### Issued by the
## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ALPHAMED PHARMACEUTICALS CORP.,

Plaintiff,

v.

ARRIVA PHARMACEUTICALS, INC., f/k/a ALPHAONE
PHARMACEUTICALS, INC., etc., et al.

Defendants.

ORIGINAL ACTION PENDING IN THE UNITED STATES
DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA,
MIAMI DIV., CASE NO: 03-cv-20078 ALTONAGA/BANDSTRA

### SUBPOENA IN A CIVIL CASE

TO: NOREEN LEZDEY
     20 Crosby Village Road
     Eastham, Cape Cod, Massachusetts 02642

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and times specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Ramada Regency, 1127 Route 132, Hyannis, Massachusetts | DATE AND TIME November 8, 2004 at 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant ARRIVA | October 11, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
JONATHAN GOODMAN, ESQ., Florida Bar No: 371912
Akerman Senterfitt
Suntrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305) 374-5600

*(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse*

(M2164976;1)
9d10or/N.1

## Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ALPHAMED PHARMACEUTICALS CORP.,

Plaintiff,

v.

ARRIVA PHARMACEUTICALS, INC., f/k/a ALPHAONE
PHARMACEUTICALS, INC., etc., et al.

Defendants.

ORIGINAL ACTION PENDING IN THE UNITED STATES
DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA,
MIAMI DIV , CASE NO: 03-cv-20078 ALTONAGA/BANDSTRA

### SUBPOENA IN A CIVIL CASE

TO: JOHN LEZDEY
20 Crosby Village Road
Eastham, Cape Cod, Massachusetts  02642

◻ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and times specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME November 9, 2004 at |
|---|---|
| Ramada Regency, 1127 Route 132, Hyannis, Massachusetts | 9:00 a.m. |

◻ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

◻ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant ARRIVA | October 11, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

JONATHAN GOODMAN, ESQ., Florida Bar No: 371912
Akerman Senterfitt
Sunrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131
(305) 374-5600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[M2164954;1]
MIJ06I9w I

# B

~~SUPERIOR~~ COURT OF ARIZONA
~~MARICOPA~~ COUNTY

**COPY**

11/03/2000

HON. EDWARD O. BURKE
PRESIDING JUDGE, CIVIL DEPT.

CV1999009334

CLERK OF THE COURT
FORM V000

M. MINKOW
Deputy

FILED: ___NOV 0 7 2009___

ALLAN WACHTER, M.D., ET AL

v.

JOHN LEZDEY, ET AL

~~JOHN LEZDEY, ET AL~~
David C. Tierney

DAVID W. DOW

JOEL P. HOXIE

MICHAEL D CROSBIE
FOLEY & LARDNER
111 N ORANGE AVE STE 1800
P.O BOX 2193
ORLANDO FL 32802-2193

NOREEN LEZDEY
731 QUAIL KEEP DR
SAFETY HARBOR FL 34695

MINUTE ENTRY

1:37 p.m.  This is the time set for Oral Argument on
Plaintiffs' MOTION FOR ORDER ENFORCING RULE 26.1 RE: IMPROPERLY
DISCLOSED EXPERT WITNESSES and JOHN LEZDEY'S CROSS-MOTION.
Plaintiff Allan Wachter, M.D. is present with counsel, David
Tierney.  Defendant John Lezdey is represented by counsel, Joseph
Meaney and David Dow.  Defendants Darren Lezdey and Jarett Lezdey
are represented by counsel, Joel Hoxie.  Noreen Lezdey is neither
present nor represented by counsel.

Scott Coniam, Court Reporter, is present.

Docket Code 005

**1121**

Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY                    **COPY**

11/03/2000                                      CLERK OF THE COURT
                                                FORM V000

HON. EDWARD O. BURKE
PRESIDING JUDGE, CIVIL DEPT.                    M. MINKOW
                                                Deputy

CV1999009334

     The Court advises counsel of his having been a student of
Defendant John Lezdey's proposed expert witness, Dr. Glen Wilt in
the early 1980s.

     Argument is heard on Plaintiffs' motion and Defendant's
cross-motion.

     IT IS ORDERED that the depositions of John Lezdey, Darren
Lezdey and Jarett Lezdey scheduled in Florida on November 6,
2000, proceed on November 8, 2000, so that Defendants will have
an opportunity to file a special action in the Arizona Court of
Appeals on this ruling.

     Counsel are advised that this Court will not grant a stay of
this order because Plaintiff's attorney has been attempting to
take the depositions of these Defendants for nearly one year and
Defendants have consistently thrown road blocks in Plaintiffs'
path before and during each attempt.  Plaintiffs' counsel has
traveled to Florida on three occasions to take the depositions
without success.  The games being played must stop as the trial
of this case is scheduled to begin on November 27, 2000.

     IT IS FURTHER ORDERED approving and settling formal written
PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF
CONFIDENTIAL INFORMATION signed by the Court this date.

     IT IS FURTHER ORDERED that Defendant John Lezdey's proposed
witnesses, Dr. William Velander, Dr. K. Anne Kronis and Dr. Dale
A. Cumming, shall not testify at the trial of this matter.

     IT IS FURTHER ORDERED that Defendant John Lezdey's proposed
witness, Dr. Glen Wilt, may testify at the trial of this matter
and Defendant shall make Dr. Glen Wilt available for a deposition
if Plaintiffs request same.

     IT IS FURTHER ORDERED that Plaintiffs make Mr. Napper
available for a deposition if Defendants request same.

     IT IS FURTHER ORDERED denying Defendants Darren and Jarett
Lezdey's oral request for a trial continuance.

     2:19 p.m.  Hearing concludes.

Docket Code 005

                                                        Page 2

# C



Akerman Senterfitt

ATTORNEYS AT LAW

Fort Lauderdale
Jacksonville
Miami
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

One Southeast Third Avenue
SunTrust International Center
28th Floor
Miami, Florida 33131-1714
www.akerman.com

305 374 5600 *tel*    305 374 5095 *fax*

October 26, 2004

**VIA FAX**

James E. McDonald, Esq.
Duane, Morris & Heckscher, LLP
200 South Biscayne Boulevard
Suite 3410
Miami, Florida 33131

  Re: **AlphaMed Pharmaceuticals vs. Arriva Pharmaceuticals**
     **(Case No. 03-20078 CIV Altonaga) (S.D. Fla.)**

Dear Mr. McDonald:

   I am writing in response to your October 25, 2004 letter, which I received by fax yesterday afternoon.

   Unfortunately, we cannot agree to postpone the deposition of John Lezdey or the deposition of Noreen Lezdey based on the documentation you provided.

   We are certainly sensitive to the medical condition (of John Lezdey) outlined in the materials and we are more than willing to work with you and Mr. Lezdey to minimize any inconvenience. For example, we are willing to change the location of the deposition to a hotel closer to Mr. Lezdey's home, which I believe to be in Brewster. I have been advised that this would be only a 5-minute drive.

   In addition, I am certainly willing to take breaks during the deposition. For example, I would be willing to take a 10-minute break every hour if this would make the deposition easier for Mr. Lezdey.

   But we cannot simply agree to cancel and agree to reschedule at some future date Mr. Lezdey's deposition. There are many reasons for this:

   1. Mr. Lezdey's deposition-evasion tactics are well established. In fact, there is a written order entered by Judge Burke in Arizona which takes all of the Lezdeys to task for the

James E. McDonald, Esq.
October 26, 2004
2

"roadblocks" they had been throwing up for nearly a year at that point. These tactics led to three unsuccessful depositions trips to Florida by David Tierney.

2.      The neurosurgeon's declaration appears to have been written for use in the Arizona case in order to justify another trial postponement, instead of being crafted for use in this Florida federal lawsuit for the scheduled deposition in Massachusetts. For example, the declaration states that it is being made under penalty of perjury "pursuant to the laws of the state of Arizona" even though the doctor practices in Massachusetts and even though the deposition will be taken in a federal lawsuit pending in Florida. In addition, the declaration states that the doctor advised Mr. Lezdey to not travel to *Arizona* to participate in a trial beginning on November 24, 2004. The declaration does not say that Mr. Lezdey was specifically advised to not travel a few minutes to a nearby location in Massachusetts for a deposition.

3.      The doctor's declaration states that, in his opinion, any "significant" travel "may" exacerbate Mr. Lezdey's deposition. Traveling to Hyannis, Massachusetts or to Brewster, Massachusetts (which would be even closer) would reasonably not be deemed "significant" travel — and the declaration does not so state.

4.      I specifically advised you, in prior correspondence, that I would need competent evidence attesting to the fact that Mr. Lezdey has been confined to the house and has gone nowhere else except to a hospital, rehabilitation center, clinic or doctor's office. You have not submitted a declaration for Mr. Lezdey about this. Therefore, I must assume that your silence is particularly significant and, as we suspect, that Mr. Lezdey has left his house for non-medical purposes (such as going to dinner at a restaurant, attending a movie, going shopping, visiting friends, etc.).

5.      Mr. Lezdey is a fugitive from justice and has refused to return to Arizona despite a court order. Mr. Lezdey's intransigence predates the back injury at issue here. In addition, as you well know, the Arizona judge has issued an order for a bench warrant for Mr. Lezdey's arrest.

6.      Mr. Lezdey has been the subject of numerous contempt orders and his credibility and professionalism has been criticized in court orders. You know the history as well as me.

7.      The progress note from October 15, 2004 states that the fracture is "healing" and that Mr. Lezdey is "neurologically stable." In addition, the note explains that Mr. Lezdey denies paresthesia and weakness and that his sleeping pattern has not been interrupted.

*                              *                              *

I am certainly willing to review any additional documentation you care to provide. Moreover, as I previously and unequivocally told you, our position is that both depositions will go forward and that both John Lezdey and Noreen Lezdey are required to appear for deposition in the absence of a protective order issued by a federal district judge. Moreover, as I am sure you are well aware, the mere filing of a motion for protective order does not excuse a properly

James E. McDonald, Esq.
October 26, 2004
3

served witness from appearing at a deposition. There is ample federal case law on this. In addition, Rule VI, Discovery Practices Handbook (attached as an appendix to the Local Rules for the U.S. District Court for the Southern District of Florida) provides:

> B.    **Effective Filing A Motion For A Protective Order.** In addition to the procedures and guidelines governing the procedures and guidelines governing the filing of motions for a protective order, counsel should be aware that the mere filing of a motion for protective order does not, absent an order of the Court granting the motion, excuse the moving party from complying with the discovery requested or scheduled. For example, **a motion** for protective order will **not prevent a deposition from occurring;** only a court order granting the motion will accomplish this. (emphasis supplied)

\*                              \*                              \*

If you are going to submit a motion for protective order, please make sure to attach this letter as an exhibit so that the Court is presented with a balanced background and understands our position. We intend to submit a response to any motion, of course, but, in the event that you seek relief before we have a reasonable opportunity to respond, then I think the Court needs to appreciate our view and the history and background underlying any motion.

Finally, by way of summary, I expect to see you (or other counsel from your firm) and John Lezdey and Noreen Lezdey in Massachusetts for the depositions we scheduled pursuant to properly-served subpoenas. Of course, if you would like to move Mr. Lezdey's deposition to a location closer to his home, please let me know, and I will try to accommodate you. And if you obtain a protective order, then the depositions will be governed the court's ruling. Otherwise, please make arrangements for the Lezdeys (your clients) to timely appear at the depositions.

Thank you.

Very truly yours,

AKERMAN SENTERFITT

Jonathan Goodman

JG:cvl
cc:    Julie E. Nevins, Esq.
       Stephen Eisenberg, Esq. (via fax)

{M2171072;1}

# D

10/12/00      13:25                                              NO.905    P02

SUPERIOR COURT OF ARIZONA          **COPY**
MARICOPA COUNTY

10/12/2000                          CLERK OF THE COURT
                                       FORM V000

HON. EDWARD O. BURKE                   M. MINKOW
                                        Deputy

CV1999009334

                                    FILED: _____

                                    DAVID C. TIERNEY
ALLAN WACHTER, ET AL

v.
                                    DAVID W. DOW
JOHN LEZDEY, ET AL
                                    JOEL P. HOXIE


                                    MICHAEL D CROSBIE
                                    FOLEY & LARDNER
                                    111 N ORANGE AVE STE 1800
                                    P O BOX 2193
                                    ORLANDO FL 32802-2193


                                    NOREEN LEZDEY
                                    731 QUAIL KEEP DR
                                    SAFETY HARBOR FL 34695


                                    HON. ROBERT CLIVE JONES
                                    U S BANKRUPTCY JUDGE
                                    FOLEY FEDERAL BLDG
                                    300 LAS VEGAS BLVD S
                                    LAS VEGAS NV 89101


                                    TIMOTHY CORY
                                    CORY & ASSOCIATES
                                    TRUSTEE IN BANKRUPTCY
                                    3016 W CHARLESTON BLVD #210
                                    LAS VEGAS NV 89102


                        MINUTE ENTRY

Docket Code 019                                    Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

**COPY**

10/12/2000

CLERK OF THE COURT
FORM V000

HON. EDWARD O. BURKE

M. MINKOW
Deputy

CV1999009334

The Court, having had Plaintiff Wachter's APPLICATION FOR
CONTEMPT ORDER against the Defendants John Lezdey, Darren Lezdey
and Jarett Lezdey (the "Lezdeys"), under advisement, makes the
following rulings:

### FINDINGS

In Plaintiffs' application to hold the Lezdeys in contempt,
Plaintiffs claim that:

1.    John Lezdey testified falsely in his November 22, 1999,
deposition as follows:

A.    AlphaMed Pharmaceuticals, Inc. (AlphaMed) was "founded
7/99 by Weber". Actually, John Lezdey's testimony was that
AlphaMed was "formed" by Weber which appears to be borne out
by exhibits 9 and 10 attached to Plaintiffs' application.
This testimony was not contemptuous.

B.    AlphaMed's stockholders were Darren and Jarett Lezdey,
Mike Weber and Bob Williams. The motion cites John Lezdey's
testimony at Page 222, line 6 through 20. The correct
reference is Page 221, lines 6 and 20, where John Lezdey
testified: Q: "Who are the shareholders in AlphaMed?" A:
"Darren Lezdey, Jarett Lezdey, Mike Weber. I never seen
(sic) the shareholder list. I am talking from what I think
are the shareholders." This testimony is disingenuous at
best. The September 2, 1999, license agreement between
Protease Sciences, Inc. and AlphaMed calls for Protease to
receive 3 million shares of the common stock of AlphaMed.
The license agreement was signed by John Lezdey on behalf of
Protease Sciences, Inc. AlphaMed's stock ledger and the
July 19, 1999, organizational meeting minutes of AlphaMed
make it clear that AlphaMed issued 3 million shares of stock
to Protease, which John Lezdey did not disclose.

C.    John Lezdey not on Board of Directors. At Page 223 of
his November 22, 1999, deposition, John Lezdey testified: "I
am not on the Board of Directors". The record shows
otherwise. The Articles of Incorporation of AlphaMed filed
July 20, 1999, list John Lezdey as an initial director. The
minutes of AlphaMed's July 19, 1999, organizational meeting
show John Lezdey as a director and chairman of the board.

Docket Code 019

Page 2

SUPERIOR COURT OF ARIZONA          **COPY**
MARICOPA COUNTY

10/12/2000                                    CLERK OF THE COURT
                                                  FORM V000

HON. EDWARD O. BURKE                          M. MINKOW
                                                  Deputy

CV1999009334

        Michael Weber, the statutory agent, attorney who
prepared the Articles of Incorporation, and an AlphaMed
director testified that John Lezdey did not resign as a
director until December of 1999. Therefore, John Lezdey did
not tell the truth on November 22, 1999, when he testified:
"I am not on the Board of Directors".

        Although John Lezdey claims in his response that he had
resigned as a director of AlphaMed prior to his November 22,
1999, deposition, there is nothing in the record, including
John Lezdey's own September 11, 2000, affidavit, to support
that claim. Therefore, the Court accepts the testimony of
the secretary, treasurer, CFO and registered agent of the
corporation who obviously, absent any contrary evidence from
John Lezdey, was in the best position to know the date of
his resignation.

        Curiously, the response of Darren and Jarett Lezdey
attached as Exhibit 1 a purported letter from John Lezdey
allegedly dated November 2, 1999, resigning from the Board
of AlphaMed. Interestingly, no one, particularly John
Lezdey, has stated under oath that this was a genuine
letter of resignation, and therefore the Court does not
accept it as such.


D.    There was no license agreement between Protease and
AlphaMed.    John Lezdey testified that "First I got to
mention (sic) there is no license agreement between Protease
Sciences, Inc. and AlphaMed at the present time." The
evidence is clearly to the contrary. A license agreement
was entered into between AlphaMed and Protease Sciences,
Inc. on September 2, 1999, and John Lezdey signed it as the
president of Protease Sciences, Inc.

        On April 17, 2000, John Lezdey testified that Protease
Sciences, Inc. became a stockholder of AlphaMed in September
which confirms that his November 22, 1999, deposition
testimony was false.

2.    The Lezdeys acted for Protease to control AlphaMed.  The
actions of the Lezdeys prior to the issuance of the February 2,
2000, injunction allegedly taken on behalf of Protease cannot be
deemed to have been contemptuous because there was no order to
prevent the same. The Court cannot find parties in contempt for
violating the "intent" of a subsequently issued injunction.
Docket Code 019                                          Page 3

SUPERIOR COURT OF ARIZONA    **COPY**
MARICOPA COUNTY

10/12/2000                           CLERK OF THE COURT
                                     FORM V000

HON. EDWARD O. BURKE                 M. MINKOW
                                     Deputy

CV1999009334

3.    The claim concerning Ervin Nelson's right to speak for
Protease in Nevada has been withdrawn.

4.    The claimed March 1, 2000, violation of the injunction by
Darren Lezdey in the Florida Workman's Compensation Hearing.  On
Page 55 of the transcript of the Employment Compensation Hearing,
Darren Lezdey testified:

        EH(Elena Hillman): "And do you work for them (Protease)
today?

        DL(Darren Lezdey):  I am a director.

        EH: What does that mean?

        DL: It means I sit on the Board.

        EH: You testified previously you were an employee.
        You're also testifying that you sat on the Board?

        DL: Yeah."

     The Court accepts the rather thin argument of Darren Lezdey
that he "believed" he was a director of Protease when he
testified in the Florida proceeding and does not find that
testimony contemptuous.

5.    Letter to the Tempe Police.  The Court does not find the
letter to the Tempe Police Department to be contemptuous.

6.    John Lezdey's contact with Sven Hansson.  This issue
demonstrates the difficulty that "50/50 corporations" have when
conflict erupts.  This Court neither wants to nor can it run
Protease Sciences, Inc.  Eventually the parties will have to
resolve their differences. At present, John Lezdey is, in fact,
the president of Protease Sciences, Inc., and in the absence of
any damage to Protease attributable to the letters, no evidence
of which was produced, the Court does not find them to be
contemptuous.

7.    The August 14, 2000, deposition of John Lezdey.  In the June
23, 2000, telephonic conference with the Court, John Lezdey
reiterated that he was too ill to travel to Arizona to
participate in his deposition or hearings.  Mr. Lezdey assured
the Court that it could contact his physician, Dr. Mark Hepp, to
Docket Code 019                                        Page 4

SUPERIOR COURT OF ARIZONA          **COPY**
MARICOPA COUNTY

10/12/2000                                CLERK OF THE COURT
                                           FORM V000

HON. EDWARD O. BURKE                        M. MINKOW
                                            Deputy

CV1999009334

confirm the same.  The Court attempted on more than one occasion
to contact Dr. Hepp, who, as was his right, did not return the
Court's telephone calls.

     The Court does not take lightly a litigant's claim that his
or her health will be jeopardized by participating in court
proceedings and will always give the benefit of the doubt to such
a litigant.  However, the Court fears that John Lezdey is playing
a "cat and mouse" game with Plaintiffs' counsel and the Court.
Attorney Joseph R. Meaney's August 10, 2000, letter to Mr.
Ditsch, one of Plaintiffs' attorneys, could not reasonably be
interpreted in any other way than that it would not be necessary
for Plaintiffs' counsel to appear for Mr. Lezdey' state court
deposition on August 14, 2000, because Mr. Lezdey's health did
not permit him to appear.

     The fact that John Lezdey appeared on the same day and
testified for two-and-a-half hours in a bankruptcy court
deposition, in a proceeding he initiated presumably for his own
advantage, belies his claim that he was too ill to be deposed in
the state court action.  The Court finds that John Lezdey is in
contempt of the deposition subpoena served on him and this
Court's June 23, 2000, order requiring him to appear for his
deposition.

B.   The Protease bank account.  The Court does not find John
Lezdey in contempt of Court for paying Protease Sciences, Inc.
fees from his own funds even though they were placed in a bank
account entitled "Protease Sciences, Inc."  There certainly has
been no damage to Protease from this conduct.

     The Court finds that neither Darren nor Jarett Lezdey
committed any contempt of court.

     The Court finds that John Lezdey has obstructed the
administration of justice to his personal advantage by failing to
tell the whole truth in his November 22, 1999, deposition and
failing to do things that he was ordered to do.  The questions
then are what type of contempt has been proven, if any, and what
remedies the Court has, if any.

                          REMEDIES

     There are four basic types of contempt: civil, criminal,
direct, and indirect.  Although Plaintiffs suggest that criminal
contempt has occurred and request criminal sanctions, i.e., a
Docket Code 019                                        Page 5

10/12/00        13:29                                        NO. 206    527

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY                        **COPY**

10/12/2000                              CLERK OF THE COURT
                                        FORM V000

HON. EDWARD O. BURKE                    M. MINKOW
                                        Deputy

CV1999003334

fine of $25,000 for each instance of contempt, there are several
reasons why Defendants cannot be found in criminal contempt of
court on the current record including, but not limited to, the
fact that there was no independent prosecutor, no hearing with a
right to trial by jury was held and Plaintiffs' request for fines
which cannot be purged by compliance.

    Because the contemptuous conduct occurred outside the
presence of the Court, the offensive conduct can only be
classified as indirect civil contempt. A requirement of indirect
civil contempt is that all remedial orders have a meaningful
purge clause. Indirect civil contempt requires that the Court be
convinced by clear and convincing evidence that the cotemnor has
control of his fate, i.e., "the keys to the jail".

    The standard of proof for an indirect civil contempt is a
preponderance of the evidence.

    The Court finds by a preponderance of the evidence that
Defendant John Lezdey committed indirect civil contempt by:

    A.    Disobeying the Court's June 23, 2000, order to appear
    for his deposition and by evading the August 14, 2000, state
    court deposition by advising Plaintiffs' counsel prior to
    the deposition that he was too ill to attend then, on the
    day scheduled, appearing for his deposition in the
    bankruptcy case; and

    B.    By failing to tell the whole truth in his November 22,
    1999, deposition.

    The Court, therefore, fines Defendant John Lezdey the sum of
$12,500.00 for interfering with the taking of his deposition in
this proceeding in Florida on August 14, 2000, in violation of
this Court's June 23, 2000, order and the subpoena served on him
and by not testifying truthfully in his November 22, 1999,
deposition. Defendant, John Lezdey, may purge his contempt and
the necessity to pay this fine by either:

    A.    Appearing for his deposition in this proceeding on or
    before November 10, 2000, in Maricopa County, Arizona and
    testifying fully and truthfully in good faith. Plaintiffs'
    counsel, if they desire, may arrange with the Court's
    Judicial Assistant to have the deposition taken in the
    Court's jury room so that the Court will be readily

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

**COPY**

10/12/2000

CLERK OF THE COURT
FORM V000

HON. EDWARD O. BURKE

M. MINKOW
Deputy

CV1999009334

available to rule on objections and/or control any
obstreperous conduct; or

B.   If John Lezdey still contends that his health does not
permit him to travel to Arizona, his attorneys shall so
advise Plaintiffs' attorneys in writing by 5:00 p.m.,
October 18, 2000, with a copy to the Court. Plaintiffs
shall then arrange an appointment prior to November 15,
2000, with a physician of their choosing licensed to
practice medicine in the State of Florida who has an office
in John Lezdey's county of residence to conduct an
Independent Medical Examination ("IME") of John Lezdey to
determine whether or not he is able to travel to Arizona for
his deposition. Defendant, John Lezdey, shall pay the
physician for the IME in advance. The physician shall file
a written report with the Court by November 22, 2000, with
copies to counsel, stating that, after physically examining
John Lezdey, it is his or her opinion that John Lezdey is or
is not able to travel to Arizona for his deposition because
such a trip would or would not be detrimental to his
physical health. If the I.M.E. report states that John
Lezdey is unable to travel to Maricopa County, Arizona for
the purpose of having his deposition taken, he shall appear
for his deposition in Florida at a time and place designated
by Plaintiffs and not only fully and completely testify
truthfully but comply in all respects with the subpoena
previously served on him by Plaintiffs and prepay
Plaintiffs' counsel's reasonable travel and lodging expenses
for having to again travel to Florida to take his
deposition.

Unless John Lezdey appears for his deposition and testifies
fully and completely by December 31, 2000, John Lezdey shall pay
the sum of $12,500.00 to the Clerk of the Maricopa County
Superior Court by 5:00 p.m., January 2, 2001, and shall pay an
additional $12,500.00 to the Clerk of Court on the first day of
each month thereafter for each previous month in which he fails
to appear for his deposition and testify fully and completely;
i.e., if John Lezdey appears for his deposition and testifies
truthfully and completely by December 31, 2000, he shall be
deemed to have purged his contempt and shall owe nothing. If he
does not, but appears for his deposition in January, 2001, he
shall owe $12,500.00 but nothing more. If he fails to appear by
January 31, 2001, he shall owe an additional $12,500.00 on
February 1, 2001, etc.

Docket Code 019

Page 7

10/12/00    13:29                                              NO. 265    P25

SUPERIOR COURT OF ARIZONA          **COPY**
MARICOPA COUNTY

10/12/2000                          CLERK OF THE COURT
                                    FORM V000

HON. EDWARD O. BURKE                M. MINKOW
                                    Deputy

CV1999009334

    While the conduct of John Lezdey in concealing that Protease
was a stockholder in AlphaMed, concealing the existence of the
September 2, 1999, license agreement and testifying that he was
not a director of the corporation in his November 22, 1999,
deposition obstructed justice in this case by failing to allow
Plaintiffs and this Court to have all of the facts before it when
it issued its February 2, 2000, injunction, it does not
constitute a direct civil contempt because it was neither
committed in the presence of the court nor was it in violation of
any order of this Court. While John Lezdey's conduct may or may
not constitute criminal contempt, criminal contempt for this
conduct can only be prosecuted by the Maricopa County Attorney
and it is up to Plaintiffs to seek such prosecution.

    The Court also has before it Plaintiffs' MOTION TO MODIFY
THE TERMS OF THE FEBRUARY 2, 2000, PRELIMINARY INJUNCTION based
upon the concealment of the September 2, 1999, agreement between
Protease and AlphaMed.

    Had evidence of the September 2, 1999, alleged license
agreement between Protease and AlphaMed been brought to the
Court's attention in the December 15-16, 1997, hearing, the Court
undoubtedly would have found it to be invalid because it found
the May 21, 1999, Protease Board of Directors' meeting a nullity.

    But for the involuntary petition in bankruptcy pending in
Nevada, this Court would be inclined to declare the September 2,
1999, license agreement between Protease and AlphaMed void.

    Plaintiffs have withdrawn their motion for such relief
because of the Protease involuntary bankruptcy filing but request
that the injunction be amended to prevent any of the Lezdeys
individually from taking any actions as if such license agreement
or the alleged March, 2000, license agreement were in effect.
The Court grants that motion. Plaintiffs' counsel shall submit
an appropriate amended injunction.

    Finally, Plaintiffs have asked the Court to reconsider its
August 15, 2000, minute entry with regard to the confidentiality
order. The Court has received and reviewed the responses thereto
filed by John Lezdey and Darren and Jarett Lezdey.

    The Court specifically finds that a fraud has been committed
on the Plaintiffs and on this Court by the concealment of the
September 2, 1999, agreement between Protease and AlphaMed.
Absent the involuntary bankruptcy proceeding, this Court would

Docket Code 019                                              Page 8

10/12/00    13:25                                                    NO. 206    P:2

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY                    **COPY**

10/12/2000                                    CLERK OF THE COURT
                                                  FORM V000

HON. EDWARD O. BURKE                          M. MINKOW
                                              Deputy

CV1999009334

have set aside that agreement. The Court finds that the
Defendants have come to the Court on this issue with unclean
hands and that the existing confidentiality order will cause the
Plaintiffs undue expense. The Court grants Plaintiffs' motion to
modify the confidentiality order to allow Dr. Wachter to consult
with his attorney regarding the discovery. However, the revised
order must prohibit both Dr. Wachter and counsel from disclosing
or using any of the information they obtain for their own
pursuits.

    John Lezdey shall also pay all of the sums reasonably
incurred by Plaintiffs' counsel in bringing and prosecuting this
application for contempt and the two related motions.
Plaintiffs' counsel shall submit an affidavit to establish the
amount of such fees.

# E



1
2
3
4
5
6

SUPERIOR COURT OF ARIZONA

7              MARICOPA COUNTY

8   ALLAN WACHTER, M.D., an individual and
9   on behalf of his marital community; SETH          No. CV 99-09334
    CHEMICALS, INC., a Nevada corporation;
10  NATHAN M. TECHNOLOGIES LIMITED
    PARTNERSHIP, a Nevada limited                     AMENDED INJUNCTION
11  partnership,

12              Plaintiffs,

13              v.
                                                      (Assigned to the Honorable
14  JOHN LEZDEY and NOREEN LEZDEY,                    Edward O. Burke)
    husband and wife; DARREN LEZDEY, an
15  individual; JARETT LEZDEY, an individual;
    J & D SCIENCE, INC., a Nevada
16  corporation; J.L. TECHNOLOGY LIMITED
    PARTNERSHIP, a Nevada limited
17  partnership; SONORAN DESERT
    CHEMICALS LIMITED LIABILITY
18  COMPANY, a Nevada limited liability
    company; PROTEASE SCIENCES, INC., a
19  Nevada corporation; JOHN DOES 1 THRU
    100,
20
                Defendants.
21

22  PROTEASE SCIENCES, INC., a Nevada
    corporation; and JOHN LEZDEY,
23
                Counterclaimants,
24
                v.
25
    ALLAN M. WACHTER and SUSAN
26  WACHTER, husband and wife,

27              Counterdefendants.

28

DCT/361961/WA090-2

1    The Court having granted Plaintiff's 8/25/00 Motion to Amend Injunction by the

2    Court's 10/12/00 Minute Entry (page 8), the Court hereby amends the 2/02/00

3    Preliminary Injunction entered in these proceedings as follows:

4        (A)    The 2/02/00 Preliminary Injunction remains in effect.

5        (B)    The 2/02/00 Preliminary Injunction's Findings of Fact are supplemented by

6    adding the following five Findings:

7        (70)    Michael Weber, Esq., acting for John, Jarett, and Darren Lezdey, formed

8    AlphaMed Pharmaceuticals, Inc., in June of 1999. Initial Stockholders included Jarett

9    Lezdey, Darren Lezdey, Michael Weber. The Board of Directors initially included John,

10    Jarett, and Darren Lezdey, and Michael Weber.

11        (71)    In September of 1999, without corporate authority to do so, the Lezdeys

12    and Michael Weber caused there to be created a purported License Agreement from

13    Protease Sciences, Inc., to AlphaMed Pharmaceuticals, Inc., related to certain patents

14    which were then licensed to Protease from Sonoran Desert Chemicals Limited Liability

15    Company. This purported License Agreement was executed by John Lezdey, purporting

16    to act for Protease, and by Jarett Lezdey, acting for AlphaMed Pharmaceuticals, Inc.

17        (72)    On 11/22/99, John Lezdey testified untruthfully in his deposition in this

18    action that he was not on the Board of Directors of AlphaMed and that AlphaMed did not

19    then (purport) to have a License Agreement from Protease.

20        (73)    The existence of the purported 9/99 License Agreement to AlphaMed from

21    Protease (and the existence of a second purported 3/01/00 License Agreement between

22    the same entities) was concealed from Plaintiffs' counsel until certain depositions of the

23    Lezdeys held on 8/14/00 in Tampa, Florida.

24        (74)    But for the involuntary petition in Bankruptcy filed by the Lezdeys against

25    Protease Sciences, Inc., in Nevada, this Court would have set aside and declared void the

26    License Agreements between Protease Sciences, Inc. and AlphaMed Pharmaceuticals,

27    Inc., but this Court will leave the matter of those License Agreements for the Bankruptcy

28    Court in Nevada so long as there are Bankruptcy proceedings pending.

DCT/361961/WA090-2                                   2

(C)    The 2/02/00 Preliminary Injunction's Conclusions of Law are

2   supplemented by adding the following Conclusion:

3          (3)    Plaintiffs are entitled to a preliminary injunction to prevent Defendants

4   John Lezdey, Jarett Lezdey, Darren Lezdey, Noreen Lezdey, J.L. and J & D, and other

5   persons or entities acting for them or with them (including but not limited to Michael

6   Weber, Esq., and Bob Williams) from taking any actions in any capacity to give effect to

7   (or draw for themselves or any entity, including but not limited to AlphaMed

8   Pharmaceuticals, Inc., any benefit from) the purported License Agreement(s) between

9   Protease Sciences, Inc., and AlphaMed Pharmaceuticals, Inc.

10         (D)    The 2/02/00 Preliminary Injunction's ORDER is hereby supplemented by

11  adding the following two paragraphs:

12         IT IS FURTHER ORDERED that Defendants John Lezdey, Jarett Lezdey,

13  Darren Lezdey, Noreen Lezdey, J.L. Technology Limited and J & D Science, Inc., and

14  any other persons or entities acting for them or with them (including but not limited to

15  Michael Weber, Esq., and Bob Williams) are enjoined from taking any actions in any

16  capacity to give effect to (or draw for themselves or any entity, including but not limited

17  to AlphaMed Pharmaceuticals, Inc. any benefit from) the purported License Agreements

18  Between Protease Sciences, Inc., and AlphaMed Pharmaceuticals, Inc.

19         IT IS FURTHER ORDERED that no additional bond shall be required to

20  be posted to give effect to this Amendment to the 2/02/00 Preliminary Injunction and that

21  service of this Amendment may be made upon all the above-referenced Defendants by

22  direct service upon David Dow, Esq., or Joel Hoxie, Esq.

23         DATED this ₂⁷ day of November, 2000.

24

25

26

27                                              Hon. Edward O. Burke, Judge
                                                of the Maricopa County Superior Court
28

DCT/361961/WA090-2                          3

# F

1          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

2              IN AND FOR THE COUNTY OF MARICOPA

3

4

5    ALLAN WACHTER, M.D., an    )
     individual; et al.,        )
                                )
6                               )
               Plaintiffs,      )
                                )
7    vs.                        )
                                )    CV 99-09334
8    JOHN LEZDEY and NOREEN     )
     LEZDEY, husband and wife;  )
9    et al.,                    )
                                )
10              Defendants.     )
                                )
11   _____)

12

13                        Phoenix, Arizona

14                        January 15, 2002

15

16

17        BEFORE:  The Honorable EDWARD O. BURKE, Judge

18

19          REPORTER'S TRANSCRIPT OF PROCEEDINGS

20                  (PREPARED FOR APPEAL)

21                     (Bench Trial)

22

23   Prepared for:              Reported by:

24                              Scott M. Coniam, RPR, CCR
        COPY                    Certified Court Reporter
25                              Certificate Number 50269

                            EXHIBIT D.

1    THE COURT: All right. Strike that reference to

2 Sonoran.

3    So the damages will run against John and Noreen,

4 Darren and Jarett Lezdey and J.L. Technology Limited

5 Partnership, correct?

6    MR. TIERNEY: Correct.

7    THE COURT: The court adopts the findings of fact

8 submitted by Mr. Tierney in his form of preliminary

9 injunction on January 9, 2001.

10    MR. TIERNEY: I think that was a form of

11 permanent, Judge.

12    THE COURT: Form of permanent injunction.

13    The Court finds that the actions of John Lezdey,

14 an attorney licensed to practice law, are beyond outrageous.

15 They're difficult for this court to comprehend both from an

16 economic point of view in that he appears to be dead set to

17 kill the goose that may lay the golden egg, but he's also

18 used his position as an attorney to abuse the plaintiffs, to

19 abuse the plaintiffs' associates, and beyond, just abuse to

20 the legal process, he's abused them by -- he and his family

21 have abused them by incredibly outrageous acts of

22 threatening death to Dr. Wachter's wife and children.

23 Certainly, one would hope that every judge of this court

24 would agree with me that that type of conduct cannot be

25 tolerated by any litigant, much less -- much less a litigant

1    who is an attorney.

2          In addition, the evidence has shown that Mr. John

3    Lezdey has continually lied in this court, he has violated

4    earlier orders in this court, and he has the nerve,

5    apparently, to leave this court and -- leave this very

6    courtroom and go to the branch bank of Wells Fargo and wipe

7    out the company's bank account, in violation of the Court's

8    injunction.

9          In addition to all that, many of the documents

10   that Mr. Lezdey and the other defendants have put forth both

11   to Dr. Wachter and prospective investors have been false.

12   There's been evidence of forgery. There's been severe

13   evidence of breach of fiduciary duty by John Lezdey, and

14   there's very strong evidence that Darren and Jarett Lezdey

15   have cooperated with it.

16          In 30 years of law practice in the commercial law

17   area, I've seen some shocking things, but nothing comes

18   close to the conduct of the defendants in this case.

19          The court hereby orders that the defendants are

20   liable for punitive damages in the sum of $5,814,983, which,

21   if you do the math, is 50 percent of the compensatory

22   damages.

23          Mr. Tierney, what are you looking for with regard

24   to the contempt citation?

25          MR. TIERNEY:  Judge, we suggested in our papers on

1

2

3

4

5

6

7

8          I, SCOTT M. CONIAM, a Certified Court Reporter,

9     Certificate Number 50269, do hereby certify that the

10    foregoing pages constitute a true and correct transcript of

11    my stenographic notes taken at said time and place, all done

12    to the best of my skill and ability.

13         I FURTHER CERTIFY that I am in no way related to any of

14    the parties hereto, nor am I in any way interested in the

15    outcome hereof.

16         DATED at Phoenix, Arizona, this 16th day of May, 2002.

17

18

19                         _____
                           SCOTT M. CONIAM, RPR, CRR
20                         Certified Realtime Reporter
                           Certified Court Reporter
21                         Certificate # 50269

22

23

24

25

# G

```
_____  FILED        LODGED
_____  RECEIVED ____ COPY

        FEB 1 1 2003

     CLERK U S DISTRICT COURT
       DISTRICT OF ARIZONA
     BY_____  DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Allan Wachter, M.D. et al.,      )   No. 02-CV-1875-PHX-PGR
                                 )
            Plaintiffs,          )   ORDER
                                 )
vs.                              )
                                 )
John Lezdey, et al.,             )
                                 )
            Defendants.          )
                                 )
_____)

      Pending before this Court are: (1) plaintiffs' Motion to
Remand (doc. 2-1); (2) plaintiffs' Motion for Attorneys' Fees (doc.
2-2); (3) plaintiffs' Motion to Expedite Briefing (doc. 3);(4)
defendant John Lezdey's (hereinafter "defendant") Motion to
Transfer to the District of Florida (docs. 4 & 5); (5) defendant's
"Motion for Determination", regarding whether to send files to the
District Court in Phoenix or retain them in the event of transfer
to Tampa, Florida (doc. 7); plaintiffs' Motion for Summary Ruling
on the Motion for Remand (doc. 9); and (12) plaintiffs' Motion to
Strike defendant's supplemental response (doc. 12).

**BACKGROUND**

This action was originally filed in Maricopa County Superior Court on May 28, 1999, and alleges two counts of breach of fiduciary duty.

Defendant has a long history of obstreperous behavior in connection with the handling of this litigation.  Defendant has been held in contempt twice; the first time in October 2000, for perjury, and again in January 2002, for violating a preliminary injunction.  He filed bankruptcy on February 23, 2001, in Las Vegas, Nevada in an effort to delay litigation.  This bankruptcy was dismissed and the state court action was reset for trial.

Defendant removed the matter, for the first time, on April 25, 2001, in an effort to forestall trial which was set for May, 2001. On November 7, 2001, this Court concluded that it did not have subject matter jurisdiction and that defendant's removal was procedurally defective. Accordingly, the Court remanded the action to Superior Court.  This Court, however, retained jurisdiction as to fees and costs which were awarded to plaintiff in conjunction with the first Motion to Remand.

Defendant appealed the remand Order.  In the interim, because the state court reset the case for trial on January 15, 2002, defendant filed bankruptcy in Florida on behalf of J & D Science, Inc.  (J & D Science is a defendant in this matter, of which John and Noreen Lezdey are the only stockholders) on January 8, 2002. On January 14, 2002, defendant John Lezdey filed Chapter 13 bankruptcy, also in Florida.  The Federal Circuit dismissed defendant's appeal on April 15, 2002, noting it lacked

- 2 -

1   jurisdiction. On July 29, 2002, the bankruptcy court in Florida

2   lifted the automatic stay as it pertained to this litigation.

3      Based on the record, it appears that the state court proceeded

4   to set the matter for trial, again. The trial was set for November

5   4, 2002. In another effort to forestall trial defendant removed to

6   federal court, for the second time, on September 18, 2002. It is

7   this second removal which is the subject of this Order and request

8   for sanctions.[1]

9   **DISCUSSION**

10    **A. Motion to Remand**

11      Removal permits defendants in state court lawsuits to remove

12   the case to federal court if the plaintiff's action could have been

13   properly filed in federal court. *Shannon v. Shannon*, 965 F.2d 542,

14   545 (9th Cir. 1992). Removal statutes are strictly construed, with

15   the result being restriction of the right of removal. *Shamrock Oil*

16   *& Gas Corp., v. Sheets*, 313 U.S. 100, 108 (1941). The defendant's

17   right to remove and the plaintiff's right to choose the forum are

18   not equal, and uncertainties are resolved in favor of remand. *Id.*

19   at 104-07. The defendant seeking removal bears the burden of

20   establishing federal jurisdiction over a suit filed in state court

21   and the existence of federal jurisdiction must be determined from

22   the face of plaintiff's complaint. *Westinghouse Elec. Corp. v.*

23   *Newman & Holzinger*, 992 F.2d 932, 934 (9th Cir. 1993)(emphasis

24   added).

25

26

27

28

---

[1] When the case was first removed, it was assigned case number CV-01-730. With respect to this second removal another case number was assigned, CV-02-1875. Both case numbers however, refer to the same underlying state court action.

1    Whenever it appears, at any time before final judgment, that
2    the federal district court lacks subject matter jurisdiction, the
3    court must remand the case. 28 U.S.C. § 1447(c); *Wisconsin Dep't*
4    *of Corr. v. Schacht*, 118 S.Ct. 2047, 2054 (1998).   The lack of
5    subject matter jurisdiction may not be waived either by the court
6    or the parties. 28 U.S.C. § 1447(c).

7    The matter may also be remanded for any defect in the removal
8    procedure. 28 U.S.C. § 1447(c). A notice of removal that is filed
9    after the 30-day time period is a procedural defect. 16 *Moore's*
10   *Federal Practice* § 107.41[1][c](2000).

11   The Court finds remand is appropriate now, as it was on
12   November 7, 2001 (in case CV-01-730).   First, the Court lacks
13   subject matter jurisdiction.   The Complaint alleges two counts of
14   breach of fiduciary duty.   These are clearly state law claims.   In
15   addition, the notice of removal was filed much longer than 30 days
16   after the initial pleading setting forth the purported federal
17   claims was served, approximately three and one-half years.   28
18   U.S.C. § 1446(b).

19   As noted in the Court's November 7, 2001, Order, this Court
20   reviews the propriety of the removal based on the original
21   complaint, not on the basis of counterclaims or defenses.   That
22   defendant takes issue with the rulings and conduct of the judge in
23   state court, is unrelated to this litigation and not a matter for
24   this Court.

25   <u>**Motion for Fees and Costs**</u>

26   Pursuant to 28 U.S.C. § 1447(c) plaintiff requests fees and
27   costs.   Given that this is the second time this matter has been
28

- 4 -

1   remanded to state court, fees and costs are more than appropriate

2   under the circumstances.

3       <u>Request for Sanctions</u>

4       Plaintiffs also request the imposition of sanctions against

5   defendant for his continued use of delay tactics and unprofessional

6   behavior.  As a sanction, the Court will order defendant not to

7   remove the underlying action to federal court anymore.  Defendant

8   is advised that if he does so, it may result in the imposition of

9   additional sanctions, including defendant being held in contempt.

10      <u>Motion to Strike</u>

11      Plaintiffs' request that defendant's "supplemental response"

12  be stricken from the record.  The response is a late attempt to

13  respond to the Motion for Remand (to which defendant had not

14  previously responded) and sets forth facts and arguments which the

15  Court finds largely irrelevant.  However, it is not necessary that

16  the response be stricken from the record.  On February 10, 2003,

17  defendant replied to the Motion to Strike implying that the matter

18  removed was his bankruptcy action, not the underlying state court

19  matter.  This is inconsistent with defendant's Petition for Removal

20  which refers to the underlying state court action, and events

21  stemming from that litigation.[1]

22      IT IS ORDERED that plaintiffs' Motion to Remand (doc. 2-1) is

23  GRANTED.

24      IT IS FURTHER ORDERED that plaintiffs' Motion for Fees and

25  Costs (doc. 2-2) is GRANTED.  Plaintiffs shall file a statement of

26

27  _____

28      [1]  Assuming in arguendo the removal did relate to the bankruptcy action,
    this is not the proper venue since bankruptcy was filed in Florida.

- 5 -

1   fees and costs by February 24, 2003.  Defendant may respond by

2   March 10, 2003.

3        IT IS FURTHER ORDERED that as an additional sanction for

4   defendant's continued obstreperous behavior, he is precluded from

5   removing this action from state court again.  Defendant is advised

6   that should he remove this case again the Court will likely find

7   him in contempt.

8        IT IS FURTHER ORDERED that plaintiffs' Motion to Expedite

9   Briefing (doc. 3) is DENIED as moot.

10       IT IS FURTHER ORDERED that defendant's Motions to Transfer to

11  Florida (docs. 4 & 5) are DENIED as moot.[3]

12       IT   IS   FURTHER   ORDERED   that   defendant's   Motion   for

13  Determination (of whether or not to send files to the District

14  Court in Phoenix, or retain them in the event of a transfer to

15  Florida) (doc. 7)is DENIED as moot.

16       IT IS FURTHER ORDERED that plaintiff's Motion for Summary

17  Ruling (doc. 9) on the Motion to Remand is DENIED as moot.[4]

18       IT IS FURTHER ORDERED that plaintiffs' Motion to Strike (doc.

19  12) is DENIED.

20       DATED this ___11___ day of February, 2003.

21

22                        Paul G. Rosenblatt

23                        United States District Judge

24   _____

25      [3]  Because this Court lacks subject matter jurisdiction and the matter
     must be remanded to Superior Court, this Court does not have jurisdiction to
26   entertain a transfer.

27      [4] Defendant did not respond to the Motion to Remand in a timely fashion,
     thus, summary ruling under Local Rule 1.10(i) is appropriate.  However because
28   the Court remands the matter on the merits, the Motion for Summary Ruling is
     moot.

                              - 6 -

# H

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 1999-009334                                11/10/2003


                                    CLERK OF THE COURT
HON. PAUL A KATZ                         B. Navarro
                                         Deputy

                                    FILED: 11/18/2003

ALLAN WACHTER, et al.               DAVID C TIERNEY

v.

JOHN LEZDEY, et al.                 DAVID PAUL BROOKS


                                    DOUGLAS J ROVENS
                                    660 S FIGUEROA ST
                                    STE 1910
                                    LOS ANGELES CA  90017
                                    DARREN LEZDEY AND
                                    JARETT LEZDEY
                                    148 MARCDALE BLVD
                                    INDIAN ROCKS BEACH FL  33785



                    TELEPHONIC CONFERENCE


IN CHAMBERS:

    4:04 p.m.  This is the time set for a Telephonic Conference.  Plaintiffs are represented by
counsel, David C. Tierney and James W. Armstrong, who appear telephonically.  Defendants are
represented by counsel, David Brooks and Douglas J. Rovens, who appear telephonically.
Defendant John Lezdey is present telephonically.

    Court Reporter, Bethany Campbell, is present.

    Preliminary remarks by the Court are made.

    Discussion is held.

    The Court advises counsel that it will review the schedules again.

Docket Code 085              Form V000A                      Page 1

# SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

CV 1999-009334                                    11/10/2003

For the reasons set forth on the record,

IT IS ORDERED that a Bench Warrant issue for the arrest of Defendant, John Lezdey.

IT IS FURTHER ORDERED that upon apprehension of the Defendant John Lezdey, he shall be held without bond pending further order of this Court.

Further discussion is held.

IT IS ORDERED that the parties shall meet and confer to confirm that Mr. Tierney, on behalf of Allan Wachter and Sonoran, wish to pursue the dismissal of the counterclaim in the name of Sonoran, or wish to substitute themselves in as counsel.

IT IS FURTHER ORDERED that Mr. Lezdey shall move, despite the stay, to dismiss the counterclaim filed on behalf of Sonoran or, alternatively, allow counsel for Sonoran to be substitute in for Mr. Tierney or who might be designated for purposes of dismissing it or, alternatively, to pursue it.

4:43 p.m. Matter concludes.

ISSUED: Bench Warrant.

Docket Code 085                    Form V000A                    Page 2